**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2635
_____

DAVID HOLT, II,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA STATE POLICE DEPARTMENT;
ROBERT EVANCHICK; TYREE BLOCKER; JONATHAN NEDEROSTEK;
MAYNARD GRAY; PAUL S. GUSTAITIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:18-cv-02448)
U.S. District Judge: Honorable Jennifer P. Wilson
_____

No. 21-2661
_____

DAVID HOLT, II,

Appellant

v.

PENNSYLVANIA STATE POLICE;
TYREE BLOCKER; COMMONWEALTH OF PENNSYLVANIA;
MARCUS BROWN; COMMISSIONER FRANK NOONAN;
LT. COL. GEORGE BIVENS; EDWARD HOKE; WENDELL MORRIS;
GREGORY BACHER; MICHAEL TROXELL; DAVID CAIN; ANTHONY O'HARA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:18-cv-01272)
U.S. District Judge: Honorable Jennifer P. Wilson

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 23, 2022

Before: KRAUSE, BIBAS, and PHIPPS, *Circuit Judges*

(Filed August 25, 2022)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

Discovery in federal courts is liberal, but not everlasting. David Holt had a chance to get the things he wanted. But he was unable to scrounge up enough evidence to support his view of the facts. He now asks for a second shot at discovery. But he had a fair shot the first time around, even if his lawyer squandered it. So we will affirm both the District Court's grant of summary judgment and its denial of Holt's discovery motions.

## I. BACKGROUND

Holt worked as a Pennsylvania State Trooper for twenty-five years. But he marred that long record by his repeated misconduct. When Holt led a station, staff reported that he was a "bully." 21-2661 JA 1008. As a result of those reports, internal investigators found that he had made it a hostile place to work. There were specific incidents too. Once, he left his loaded gun atop a soap dispenser in a highway bathroom. Another time, he got angry and invited subordinate cops to take off their shirts and fight him. He used racial slurs, berated

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

his officers during roll call, and threatened to "go all ghetto" on a subordinate. 21-2661 JA 1009. His staffers "dread[ed] coming to work" and were "more afraid of [him] than the 'bad guy[s].'" *Id.* at 1008. So he rose no higher than the rank of sergeant.

But Holt suspected that the real barrier to promotion was that he is black. So he started suing the Commonwealth of Pennsylvania, its police force, and several officers. All in all, he got three trials and two appeals. *See Holt v. Pennsylvania*, 683 F. App'x 151 (3d Cir. 2017); *Holt v. Pennsylvania*, 778 F. App'x 123 (3d Cir. 2019); *Holt v. Pennsylvania*, 2018 WL 5617856, at *1 (E.D. Pa. Oct. 30, 2018).

Then, he sued again. This time, Holt complained that the Commonwealth, the police, and several colleagues had mistreated him because of his race and his lawsuits. He also filed a related lawsuit naming more defendants. The District Court consolidated the cases for discovery.

But Holt's lawyer let the discovery clock run out without deposing key witnesses. And though he got thousands of pages of documents, he kept supporting crucial arguments with little more than his client's say-so. Still, the District Court extended discovery to accommodate scheduling issues and pushed back the deadline for dispositive motions too. Yet Holt's lawyer failed once more to schedule the depositions he wanted.

Three years into the litigation, when the police moved for summary judgment, Holt still had no evidence. Holt asked for another chance to get it, but the District Court denied his request and granted the motion. Holt now appeals. We review the grant of summary judgment de novo and the discovery rulings for abuse of discretion. *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016).

3

## II. SUMMARY JUDGMENT WAS PROPER

Holt raised many claims, but only a few made it to summary judgment:

- Title VII claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police;

- Section 1983 claims against individual police officers; and

- a state-law discrimination claim against one officer. *See* 43 Pa. Cons. Stat. §955 (2022).

The District Court rejected the Title VII claims in Holt's latest lawsuit as untimely, and Holt does not appeal that ruling. Instead, he challenges the District Court's grant of summary judgment on these claims as "flawed" because "it did not consider" the evidence on his side. 21-2635 Appellant's Br. 41.

On the merits, Holt's many arguments boil down to two claims. First, he argues that the police discriminated and retaliated against him because of his race and because he had sued them. Second, he argues that they created a hostile work environment.

Yet both claims fail because there are no material factual disputes. Holt's twenty-six-page brief opposing summary judgment cited only three pieces of evidence. None of that evidence supports his view of the facts.

### A. Holt has no evidence undercutting his employer's story

For the first theory, Holt must show that the police failed to promote him because of his race or because he had sued them. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–02 (1973); *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 220 (3d Cir. 2017) (Title

4

VII retaliation claim); *Starnes v. Butler Cnty. Ct. of C.P., 50th Jud. Dist.*, 971 F.3d 416, 426 (3d Cir. 2020) (§ 1983 equal-protection claim); *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) (§ 1983 retaliation claim). Yet Holt has no direct evidence that the police were motivated by racial or retaliatory animus. Nor should we infer it. Holt shows no evidence from which a jury could infer that animus "was more likely than not a motivating or determining cause" of the police's failure to promote him. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

At most, the record has some evidence that white officers with disciplinary records got promoted. But Holt cited none of it in his brief, and district courts need not comb through the record to dig up reasons to deny summary judgment. In any event, that evidence would not have mattered. None of that misconduct rivaled Holt's behavior; for instance, no one was promoted after terrorizing his subordinates.

On the other side of the scale, there is lots of evidence that Holt was not promoted because he was troublesome. He repeatedly threatened his colleagues with violence, used racial slurs, and left his loaded gun in a highway bathroom. Those were sound reasons not to give him more authority. There is no reason to infer discrimination or retaliation.

**B. One incident does not make a hostile work environment**

The parties dispute whether a hostile work environment is part of Holt's appeal. Even if it is, the record does not support it.

To show a hostile work environment, Holt must point to "offensive conduct at work [that] was either severe or pervasive." *Kengerski v. Harper*, 6 F.4th 531, 537 (3d Cir. 2021) (internal quotation marks omitted). He does not. He alleges nine instances of hostility. But

5

seven were adverse employment actions: demotion, failure to promote, and suspension without pay. As discussed, Holt has no evidence that these actions were discriminatory. Repackaging them as a hostile work environment does not fill that void. An eighth instance is a colleague's account that he was "pressured and intimidated into signing [a] complaint" against Holt. 21-2661 JA 313. But given Holt's history, it is no surprise that his subordinates got together to complain about him. Again, nothing links this incident to racial bias or retaliation.

One last incident remains: after Holt told his colleagues that he had complained to internal affairs, they "became belligerent." 21-2635 JA 53. But a single incident rarely counts as a hostile work environment. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (requiring "the cumulative effect of a thousand cuts"). We have made an exception only for single incidents that are unusually egregious. *See Castleberry v. STI Grp.*, 863 F.3d 259, 264–66 (3d Cir. 2017) (requiring an incident so "extreme [as] to amount to a change in the terms and conditions of employment," like a supervisor's use of the n-word "[w]ithin the same breath" as threats to fire the black plaintiffs (internal quotation marks omitted)). Disputes, even heated ones, are to be expected from time to time in the workplace. What occurred here was nowhere near "extremely serious" and far from enough to change Holt's entire working environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

### III. HOLT HAD NO RIGHT TO SEEK MORE EVIDENCE

6

To get past his lack of evidence, Holt insists that more discovery might have unearthed more incidents. But discovery was over. And though he dressed up his discovery requests several ways, the District Court permissibly denied each of them.

Start with his motions to compel. Holt says that the court should have compelled discovery, including specific depositions. But the court had ordered the depositions. And opposing counsel tried to schedule them, even offering the day before Thanksgiving. Yet Holt's lawyer inexplicably failed to follow up.

Apart from the depositions, Holt did not specify what documents or things he wanted. He already had thousands of pages of discovery, including comparator evidence, disciplinary records, and promotion protocols. The District Court reasonably required more specificity. But Holt never gave it. While he filed the motion, he did not include the required brief to support it. And his motion "cite[d] exactly zero cases." 21-2635 JA 48. As the District Court said, it was "difficult to even understand on a basic sentence structure level, let alone as to whether [it] present[ed] legal arguments." *Id.*

When his motions to compel failed, Holt asked the District Court to delay summary judgment until he got more discovery. *See* Fed. R. Civ. P. 56(d), (f). But it was not an abuse of discretion to deny that request. Rule 56 does not guarantee parties a second chance at discovery. *See Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (rejecting a motion that "amounted to nothing more than a motion for reconsideration" of prior discovery rulings). Yet a second chance is just what Holt wants. He conceded that the information his Rule 56(d) motion sought was the same as what he wanted in his motion

7

to compel. Because his Rule 56(d) motion was really a motion to reconsider in disguise, we will not grant it. *See id.* at 458–59.

* * * * *

When a party fails to build his case, it is not the court's job to save him. The court must grant summary judgment if there is not enough evidence to create a genuine issue for trial. Because Holt lacks evidence to show discrimination, retaliation, or a hostile work environment, we will affirm the grant of summary judgment.